## Commonwealth ex rel. *v.* Walker et al., Appellants.

Argued May 27, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Norman E. Clark,* for appellants.—The road itself and the right-of-way upon which it was built, was the property of the United States.

If this was the purpose and meaning of the contract in 1845, ten years after the road had been placed in the hands of Pennsylvania, it certainly is the purpose and meaning of these acts now.

If Pennsylvania agreed at that time that the road, the right-of-way, belonged to the United States, it certainly must agree now that such is the case, because no change has been made in the situation since.

*Harris C. Arnold,* Assistant Deputy Attorney General, with him *Wm. A. Schnader,* Attorney General, for appellee.—The Commonwealth has full authority to widen and relocate route 114.

Route 114 is a state highway: Cumberland Road, 47 Pa. C. C. R. 347.

The titles of the acts involved are sufficient: Fedorowicz v. Brobst, 254 Pa. 338.

OPINION BY MR. JUSTICE KEPHART, June 27, 1931:

The Commonwealth, through the attorney general, instituted mandamus proceedings against the commissioners of Washington County to command them to remove all structures from the right-of-way of a part of the Cumberland or National Road. Demurrer was filed

to the return and the case was heard on petition, return and demurrer, and the court directed· a mandamus to issue against defendants.

It is needless to follow the various steps by which the Cumberland Road was laid out by the federal government, and by which it came back into the hands of the State. It is sufficient to say that the federal government in 1835 found its burden heavy and gladly surrendered it to the Commonwealth, retaining certain rights therein. The State, while willing to take over the road, did so after securing the condition that the road be put in good repair. There is no doubt that the secretary of war expressly surrendered the road to the State and that the State took it over for limited purposes, but whatever those purposes were the State has exercised authority over it and the county is in no position to question the right of the State to do so. Nor can it question what was determined by the Sproul Act of May 31, 1911, P. L. 468, as amended by the Act of May 4, 1927, P. L. 692. The county is merely a subdivision of the state government. It is not a sovereign or an independent entity within the State. It is in its capacity a political subdivision, a subordinate branch of government; it cannot rebel against the acts of the sovereign power and refuse to obey them unless such orders violate the fundamental law—the Constitution. Restraints on the legislative power of control over its political subdivisions must be found in the Constitution or they must rest in legislative discretion. A municipality cannot question the State's authority or discretion when dealing with affairs relating to government or the care of its property: SHARSWOOD, J., in Phila. v. Fox, 64 Pa. 169. "Municipal corporations are agents of the State, invested with certain subordinate governmental functions for reasons of convenience and public policy. They are created, governed, and the extent of their powers determined by the legislature, and subject to

change, repeal, or total abolition at its will. They have no vested rights in their office, their charters, their corporate powers, or even their corporate existence. This is the universal rule of constitutional law, and in no state has it been more clearly expressed and more uniformly applied than in Pennsylvania......The fact that the action of the State towards its municipal agents may be unwise, unjust, oppressive, or violative of the natural or political rights of their citizens, is not one which can be made the basis of action by the judiciary": Com. v. Moir, 199 Pa. 534, 541.

There is no dispute that the highway here in question was designated as Route 114 in the Sproul Act, and this is on the plan of the state highways as directed by the legislative authority. The Act of 1927 required, before the secretary of highways shall undertake the construction of any state highway, on the plan of the state highways, that "The county shall provide for the removal of all structures within the lines of the highway, as thus established." With this mandate directed against counties, it is immaterial whether the highway designated as a state highway by the act of assembly was a township road, a county road, a federal road or any other highway. It was the county's obligation and duty to obey the mandate of the legislature.

Any question of right or power in the State to do or perform an act in relation to a given subject is a matter for the State to determine. The county as an agent or a subdivision of government directed by the State to perform an act in relation thereto cannot question the State's power unless the Constitution is impugned, which it is not here in question. An individual or body not so situated as a county may question it. Mandamus was the proper remedy to compel obedience. There is not the slightest controversy here, since defendant admits the road in question was part of Route 114 under the State Highway Act of May 31, 1911. The title of the

act embraces the road in question, that is all that it is necessary to say on the constitutionality of the title.

The decree of the court below is affirmed at the cost of appellants.