## Commonwealth ex rel. v. Delaware Township

*William A. Schnader*, Attorney General, and *John A. Moss*, Deputy Attorney General, for Commonwealth.

*G. J. Clark*, for defendant.

HARGEST, P. J., August 1, 1932.—The Commonwealth brings this suit to recover $12,441.11. From the statement of claim it appears that the defendant, on August 17, 1908, entered into an agreement with the Commonwealth, acting through the State Highway Commissioner, and the County of Northumberland, whereby the Commonwealth agreed to improve a road in the Township of Delaware, and the county and the township each severally agreed to pay one eighth of the total cost of such improvement. Between 1920 and July 27, 1925, the Commonwealth maintained and repaired said road and demanded payment of 50 percent of the cost thereof, amounting to $12,850.06, and defendant has paid, or been credited with, the sum of $408.95, leaving a balance due of $12,441.11. The defendant filed an affidavit of defense raising questions of law as follows: (a) It does not appear by the statement of claim that the supervisors of Delaware Township petitioned the Commissioners of Northumberland County to make application for reconstruction and improvement of the highway as provided by section 3 of the Act of May 1, 1905, P. L. 318, or that the other provisions and requirements of said Act of 1905 were followed; (b) the only remedy of the Commonwealth is that provided by section 18 of the Act of 1905 to charge the sums unpaid against the moneys in the hands of the State Treasurer or which may thereafter come into his hands.

The Commonwealth contends that it has the right to recover for the work done under section 29 of the Act of May 31, 1911, P. L. 468, which provides:

"The work of maintaining and repairing all State-aid highways, improved under the provisions of this act, or which shall have been previously reconstructed by State aid, shall be done by the State Highway Department; and fifty (50) per centum of the cost thereof shall be paid by the several townships wherein such roads may lie; or by the county, when such roads have been improved upon the petition of such county without the co-operation of the township."

Section 33 provides that upon completion of any improvement or maintenance of a State-aid highway the State Highway Commissioner shall certify the cost of the same to the State Treasurer and to the county commissioners and township supervisors, and if the amounts shall not be paid within 30 days after

being certified, they shall be charged by the State Treasurer against any funds of the county or township (other than school funds) which may be in, or hereafter come into, his hands "and may also be recovered by action at law or equity as any other debts of such counties, townships . . . are by law recoverable."

The Act of 1911 creates a large number of highway routes to be known as "State highways". It also provides that counties and townships may obtain State aid for the improvement and maintenance of other roads which are designated in the act as "State-aid highways".

The precise question which the defendant raises is that its agreement, being under the Act of 1905, cannot be impaired either by the repeal of the Act of 1905 or by the effort of the Commonwealth to collect under the Act of 1911. We may concede that a repealing act cannot impair the obligation of a contract: Lawrence County v. City of New Castle, 18 Pa. Superior Ct. 313. But if there is no contract to impair, the repealing act is in force. The Act of 1911 repeals in terms the prior Acts of 1903, 1905 and 1907 relating to the State Highway Department.

The difficulty with the defendant's position is twofold: (a) that the agreement is altogether silent as to subsequent repairs, and (b) that an agreement by which the sovereign State agrees to aid its counties and townships in the construction of highways is not such a contract as is protected by the Constitution of the United States against impairment.

(a) The agreement in question makes no reference to subsequent maintenance. That matter was left entirely open. The agreement does not even direct that the maintenance shall be subsequently made as provided by the Act of 1905. It is altogether silent. Therefore, there is no agreement such as would prevent the State from repealing the act or require the State, in the matter of subsequent repairs, to be limited to the terms of the Act of 1905.

(b) The defendant's counsel has presented an exhaustive brief with abundant citation of cases showing that a contract obligation cannot be impaired. He cites as authority Rader v. Kriebel, 32 Pa. Superior Ct. 548, 552, in which this language occurs: "All contract obligations are protected from impairment by the constitution. This constitutional provision extends to contracts made by a state with individuals." But in the present case there is no contract between the State and individuals and the defendant entirely overlooks the fact that his agreement is between the sovereign and one of its subordinate agents concerning a governmental function. A State maintaining its highways is acting in its governmental capacity, and it has a right to impose such duties upon its subordinate agencies, counties, cities, and townships as it sees fit. In 6 R. C. L. 344, sec. 337, the principle is well stated, with the citation of an abundance of supporting authorities, as follows:

"In determining whether a statute affecting a municipal corporation operates as an impairment of the obligation of a contract, regard must be had to the distinction between the rights of such a corporation in its public or governmental capacity and its private rights. So far as a municipality is an agency of government, it has no rights or powers which, as between it and the state, the legislature may not modify or abrogate at pleasure. Neither the charter of a municipal corporation, nor any legislative act regulating the use of property held by it for governmental or public purposes, is a contract within the meaning of the federal constitution."

In 12 C. J. 1003, sec. 623, it is also said:

"Municipal corporations, such as counties, cities, and towns, being mere creatures and agents of the state, stand in their governmental or public character in no contract relations with the state, and so are not within the provi-

sion that renders laws impairing the obligation of contracts unconstitutional."

In Com. ex rel. v. Walker et al., 305 Pa. 31, it is held:

"A county is merely a subdivision of the state government. It is not a sovereign or an independent entity within the State. It cannot rebel against the acts of the sovereign power and refuse to obey them, unless such orders violate the fundamental law—the Constitution.

"A municipality cannot question the State's authority or discretion when dealing with affairs relating to government or the care of its property.

"Municipal corporations are agents of the State invested with certain subordinate governmental functions for reasons of convenience and public policy. They are created, governed, and the extent of their powers determined by the legislature, and subject to change, repeal, or total abolition at its will. They have no vested rights in their office, their charters, their corporate powers, or even their corporate existence.

"The fact that the action of the State towards its municipal agents may be unwise, unjust, oppressive or violative of the natural and political rights of their citizens, cannot be made the basis of action by the judiciary."

In Cheltenham Township v. Phila. Rapid Transit Co., 292 Pa. 384, it is held:

"A township is merely an agency of the Commonwealth to maintain its highways, and when the State takes over certain of them, the township's control and supervision over them, and rights therein, cease."

See, also, Westmoreland Chemical & Color Co. v. Public Service Commission, 294 Pa. 451.

In Covington v. Kentucky, 173 U. S. 231, it is held:

"A municipal corporation is a public instrumentality, established to aid in the administration of the affairs of the State, and neither its charters, nor any legislative act regulating the use of property held by it for governmental or public purposes, is a contract within the meaning of the Constitution of the United States."

In Greene County v. Center Township, 305 Pa. 79, it is held:

"The highways of the Commonwealth, apart from those owned privately, such as turnpikes, are the property of the State. The Commonwealth may set up within constitutional limitations any agency it sees fit to properly improve, maintain, repair, administer and control them; it may impose the cost incident thereto entirely on one agency to the exclusion of another, or it may permit them to agree on a division of the costs.

"All the powers and functions of a county organization have a direct and exclusive reference to the general policy of the State, and are in fact but a branch of the general administration of that policy; and, in the building of roads, the county is acting in its governmental rather than business capacity."

It, therefore, appears that the Commonwealth has the right to change the duties imposed upon townships in the maintenance of its highways and may either impose greater duties or relieve them from duties previously imposed. Therefore, the repeal of the Act of 1905 by the Act of 1911 involves no violation of the Federal Constitution against the impairment of contracts.

The agreement of 1908 is not impaired by the Act of 1911, for the reason that the agreement did not contemplate nor cover subsequent maintenance, and because it is an agreement by the State to improve a highway "and to defray three fourths of the total expense of such improvement," upon condition that the county and the township "pay each one eighth of the total expenses of such improvement."

There is nothing to indicate that the State intended to surrender its sovereignty as to subsequent repairs or bind itself to make them on the same basis as the original improvement. Under the authorities mentioned the Common-

wealth had the right to change its attitude as to subsequent improvements and it now requires the townships to pay 50 percent of that cost.

We think there is nothing to be predicated upon the fact that the highway in question and similar highways were first called State highways under the Acts of 1903 and 1905 and subsequently designated "State-aid highways" under the Act of 1911.

It follows, also, that since the legislature has the right to repeal the Act of 1905, it may pursue the remedy given to it by the Act of 1911 to bring suit against the township and not rely upon the collection by charging the unpaid sums against moneys in the hands of the State Treasurer or which may thereafter come into his hands. It follows, also, that whether or not the matter is one of hardship against the county is for the legislature and not for the courts to determine: Com. v. Walker, supra.

Therefore, the affidavit of defense raising these preliminary questions of law must be overruled.

### Judgment

Now, August 1, 1932, the affidavit of defense raising questions of law is hereby overruled and the defendant is permitted to file an affidavit of defense to the merits within 30 days.

From Homer L. Kreider, Harrisburg, Pa.