466 A.2d 682

**Joseph E. WILLIAMS, Jr., A Minor By and Through his Natural Guardian and Parent, Joseph E. WILLIAMS, Sr., Appellants,**

v.

**Mabel LEWIS and City of Philadelphia.**

Superior Court of Pennsylvania.

Submitted June 21, 1983.

Filed Oct. 7, 1983.

554

Jeffery L. Krain, Philadelphia, for appellants.

Jill A. Douthett, Assistant City Solicitor, Philadelphia, for appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

On November 28, 1978, Joseph E. Williams, Jr., a minor, was walking home from school. While crossing an undeveloped parcel of land owned by one Mabel Lewis he fell and sustained injuries. Subsequently, Joseph E. Williams, Sr. filed a complaint in trespass on behalf of his son naming Lewis and the City of Philadelphia (City) as defendants. In the first count, it was alleged that Lewis was negligent in allowing her property to become a safety hazard. A second count averred that the City was negligent in knowingly allowing the Lewis property to fall into such a state of disrepair.

The City filed an answer and new matter to the complaint. It denied ownership, possession, and control of the

premises. The City moved for judgment on the pleadings which was granted in favor of the City.

■ Judgment on the pleadings is only appropriate where no material facts remain in dispute. *Pennsylvania Ass'n of State Mental Hospital Physicians, Inc. v. State Emp. Retirement Bd.*, 484 Pa. 313, 399 A.2d 93 (1979). Only where the moving party's right to prevail is so clear that a trial would be a fruitless exercise should a judgment on the pleadings be entered. *Nevling v. Natoli*, 290 Pa.Super. 174, 434 A.2d 187 (1981).

In the current case the trial court found that the complaint was fatally defective in that it failed to aver facts that would show that the City owed a duty to the minor appellant. The Court refused to create such a duty. The court relied on *Ricketts v. Allegheny County*, 409 Pa. 300, 186 A.2d 249 (1962).

*Ricketts* is somewhat similar, factually, to the case at hand. There a child was injured while playing in a vacant house. The house had been vacated pursuant to an order of the county health department. The Supreme Court held that neither the city nor county could be liable for allowing a nuisance to be maintained within its jurisdiction, unless the governmental unit had acquired title to the property, or had contributed to or was otherwise responsible for the dangerous condition. There was no absolute duty of the city or county to abate the nuisance.[1] The court relied *in part* upon the doctrine of governmental immunity.

Governmental immunity from liability for negligent conduct of a governmental unit was judicially abolished in *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973). There the school board was found to be negligent in supplying a piece of equipment for a vocational class. The machine was without safety devices and the school failed to provide adequate supervision of its use. Such was held to be a breach of the board's duty to its

---

1. The health department found the structure was unhealthy only as to its occupants. The department was under no duty to find that it was a public nuisance as it was only dangerous to trespassers.

students. The legislature has since enacted the Political Subdivision Tort Claims Act, 53 P.S. § 5311.101 et seq. (now found at 42 Pa.C.S.A. § 8501 et seq.). However, that Act is not applicable to the current case as it became effective after the current cause of action accrued. Therefore, we must determine whether the City owed a duty to appellant to protect him from the possible hazards of a vacant lot.

■■ Appellant contends that the City had reason to know of the hazardous condition but failed to take corrective action. Such duty is claimed to have arisen from the Philadelphia Home Rule Charter (Charter) and the Philadelphia Code (Code). Finding that no such duty arose from the Charter or the Code, we affirm.

■ It is axiomatic that a negligence claim cannot be maintained upon facts on which the law does not impose a duty. *Boyce v. United States Steel Corp.*, 446 Pa. 226, 285 A.2d 459 (1971); *Otto v. American Mutual Insurance Company*, 241 Pa.Super. 423, 361 A.2d 815 (1976). Appellant relies on *Fairman v. A.A. Gallagher Corp.*, 11 D. & C.3d 290 (1979), aff'd per curiam, 295 Pa.Super. 595, 437 A.2d 1021 (1981), to support his claim that the city had assumed a duty to safeguard him from the hazards existing on the vacant lot.

In *Fairman*, a minor was injured while playing in an abandoned warehouse. The trial court found, in ruling on a preliminary objection in the nature of a demurrer, that § 5.5–1002 of the Charter and § 4–1601 of the Code had created a duty on the part of the City to protect the public from the hazards of abandoned buildings. City council was concerned over the large number of vacant industrial properties. Once the City had assumed such a duty to the public, it had assumed a duty to the individual plaintiff.

That court applied the Restatement (Second) Torts § 324A [2] and found that a breach of such duty by the City

2. § 324 A. Liability to Third Person for
 Negligent Performance of Undertaking

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the

could result in the City's liability for the injury. If the City had knowledge of the dangerous condition, it should have taken reasonable steps to remedy it. Since the plaintiff alleged that the City was aware of both the condition of the property and the fact that children played there, a cause of action for negligence was stated.

Appellant cites to § 5.5-1002 of the Charter and §§ 4-1600 *et seq.*, and 10-716 of the Code, as imposing a duty upon the City to alleviate dangerous conditions of the vacant lot in question.

 Section 5.5-1002 [3] of the Charter clearly pertains to the City's powers regarding buildings and structures. The lot here in question contained no improvements. Similarly

protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
 (a) his failure to exercise reasonable care increases the risk of such harm, or
 (b) he has undertaken to perform a duty owed by the other to the third person, or
 (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
See *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978).

**3.** **§ 5.5-1002 Functions.**
**The Department of Licenses and Inspection shall have the power and its duty shall be to perform the following functions:**
 (a) Building Safety and Sanitation, Signs and Zoning. It shall, except as otherwise specifically provided in this charter, administer and enforce all statutes, ordinances and regulations for the protection of persons and property from hazards, in the use, condition, erection, alteration, maintenance, repair, sanitation (including the maintenance of plumbing and drainage facilities and the maintenance of sanitary conditions in housing accommodations), removal and demolition of *buildings and structures or any parts thereof and the grounds appurtenant thereto,* in the operation of equipment therein, and of outdoor signs. Subject to the powers and the duties of the Zoning Board of Adjustment, the Department shall enforce compliance with zoning ordinances.
 . . . . .
 (c) Inspections. The Department shall make all inspections except as otherwise specifically provided in this charter.
 . . . . .

351 Pa.Code § 5.5-1002 (Emphasis supplied).

§§ 4–1600 *et seq.* of the Code addresses the problem of empty commercial and industrial buildings.[4] None were present on the Lewis lot. However, § 10–716 is directed to the removal of debris from private property.[5] Nonetheless, it is not applicable to the property in question. The City provides us with the following definition:

> (9) Private premises. *Any dwelling, house, building or other structure* or parking lot designed or used either wholly or in part for private residential, industrial or commercial purposes, whether inhabited or temporarily or continuously uninhabited or vacant, *including any* yard, grounds, walk, driveway, porch, steps, vestibule or mailbox *belonging or appurtenant to such dwelling, house, building, or other structure.*

Philadelphia Code § 10.201(9) (Emphasis supplied). The City contends that such definition does not include undeveloped lots which by definition are without any structure. As the definition is clear, we must agree.

■ In light of our above discussion, *Fairman* is clearly distinguishable from the facts of this case. *Fairman* involved a vacant warehouse which clearly was within the scope of § 5.5–1002 of the Charter and §§ 4–1600 *et seq.* of the Code. Here involved is a vacant lot, clearly outside of the ordinances in question. In the absence of a duty to prevent injury, foreseeability of an injury is an insufficient basis on which to allow liability to rest. *Breiner v. C. & P. Home Builders, Inc.*, 536 F.2d 27 (3rd Cir.1976). To quote the trial court: "[appellant] has cited [no judicial precedent], which would support a general duty owed by the City to

---

4. That section of the Building Code is entitled "Vacant Commercial and/or Industrial Buildings Found to be Public Nuisances."

5. **Phila.Code § 10–716 (Regulation of Conduct and Activity).**
 **Clearing of Litter from Open Private Premises by City.**
 (1) Notice to Remove. The Department of Licenses and Inspections is authorized and empowered to notify the owner of any open or vacant private premises, or the agent of such owner, to remove and dispose of litter located on such premises. Such notice shall be sufficient if mailed to the owner at his last known address.

 . . . . .

individuals injured on property privately owned." (Slip Opinion p. 2).

Contrary to the interpretation of the Court of Common Pleas in *Fairman*,[6] supra, *Ricketts*, supra, did hold that a municipality could not be liable for permitting a nuisance to be maintained within its jurisdiction where such municipality had not acquired title to the property, nor had contributed or was responsible for the condition. The *Fairman* court acknowledged that *Ayala's* abolishment of immunity could not subject a government to a new liability or duty; it only removed the defense of immunity. As no duty has been shown to exist under the facts of this case we conclude the court properly granted judgment in favor of the City.

Appellant further complains that the court erred in not allowing him to amend his complaint.

■■ The right to amend should generally be allowed where the defect in the pleadings can be cured. *Puleo v. Broad St. Hospital*, 267 Pa.Super. 581, 407 A.2d 394 (1979). The right to amend should not be withheld where there is some reasonable possibility that amendment can be done successfully. *Otto v. American Mutual Insurance Company*, 482 Pa. 202, 205, 393 A.2d 450, 451 (1978). But where there is no apparent possibility that plaintiff will be able to set forth a better case by amendment, there is no abuse of the Court's discretion in refusing the amendment. *Klein v. Raysinger*, 302 Pa.Super. 248, 448 A.2d 620 (1982); *Chapman v. City of Philadelphia*, 290 Pa.Super. 281, 434 A.2d 753 (1981).

■ Appellant argues that, if permitted, he would aver additional facts which would bring the current case within the holding of *Fairman*. We are unpersuaded. The defect in appellant's complaint is his failure to state the source of the alleged duty. The ordinances to which he refers us

6. That court interpreted *Ricketts* as holding that governmental immunity barred the suit; the *Fairman* court concluded that the *Ricketts* court did not address the city's or county's respective duties. We disagree.

clearly are not applicable. Nor does a duty exist at common law. *Ricketts,* supra. We fail to see how appellant could possibly succeed at trial when he is unable to demonstrate the source of the duty. Compare *Klein,* supra (social host owes no duty to prevent intoxicated guest from driving); *Chapman,* supra (police owe no duty to provide additional protection to high crime area). Therefore we find no abuse in the court's refusal to allow amendment.

Order affirmed.