482 A.2d 1005

**Bernard John GIANGIORDANO, Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 25, 1984.

Filed Sept. 28, 1984.

Richard A. Stanko, Media, for appellant.

Owen W. Nash, Media, for appellee.

Before McEWEN, BECK and CERCONE, JJ.

PER CURIAM:

At issue in this appeal from judgment on the pleadings in favor of appellee, Allstate Insurance Co., is the timeliness of an action seeking work loss benefits occasioned by an accident which occurred more than five years prior to the commencement of the instant action. Appellant argues that suit was timely commenced as instituted within two years of the payment of workmens' compensation benefits which appellant argues are "no-fault benefits" for purposes of the statute of limitations contained in Section 106(c)(1) of the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.106(c)(1). We find that the payment of medical expenses and benefits by the workmens' compensation carrier does not affect the running of the statute of limitations applicable to actions seeking no-fault benefits and, therefore, affirm the judgment entered on the pleadings against appellant by the eminent President Judge Francis J. Catania.

Appellant, Bernard Giangiordano, acting within the course and scope of his duties as an employee of Philadelphia Electric Company and while occupying a vehicle owned by his employer, was injured in an automobile accident on September 29, 1975. Appellant received workmens' compensation benefits from the date of the accident through February of 1980. Almost six years after the accident, on September 21, 1981, appellant commenced this action against appellee, his no-fault insurance carrier, seeking excess work loss benefits not compensated for by workmens' compensation. See Wagner v. National Indemnity Co., 492 Pa. 154, 422 A.2d 1061 (1980). Appellee sought

judgment on the pleadings on the grounds that any action for work loss benefits was barred by Section 106(c)(1) of the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.106(c)(1). The trial court found the action barred by the statute and, therefore, caused judgment to be entered in favor of appellee.

Appellant argues that the instant action, although commenced almost six years after the date of the accident giving rise to the claim for lost wages, is not barred by Section 106(c)(1) of the No-fault Act. Appellant argues that workmens' compensation benefits are a form of no-fault benefits and that the instant suit, commenced within two years of payment of such "no-fault benefits", was commenced in a timely fashion. We disagree.

Section 106(c)(1) of the No-fault Act provides:

**(c) Time limitations on actions to recover benefits.—**

(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

Section 106(c)(1) provides that in those instances where there has been no payment of no-fault benefits, suit "must be commenced within two years of each occurrence of work loss, and not later than two years after the victim's accrued economic detriment from work loss reaches the statutory maximum amount recoverable, $15,000, 40 P.S. § 1009.-202(b)(2), and, *in any case, not later than four years after the accident." Guiton v. Pennsylvania National Mutual Casualty Insurance Company*, 503 Pa. 547, 550, 469 A.2d

1388, 1389 (1983) (emphasis supplied). Accord: *Kamperis v. Nationwide Insurance Co.*, 503 Pa. 536, 539, 469 A.2d 1382, 1384 (1983). Thus, in the absence of a finding that appellant has previously received "no-fault benefits", any action commenced more "than four years after the accident" is barred by virtue of the provisions of Section 106(c)(1). Appellant concedes that his action for work loss benefits is time barred under the above-quoted section of the No-fault Act if and only if it is determined that workmens' compensation benefits are not no-fault benefits.

Appellant argues that he has received "no-fault benefits" in the form of workmens' compensation benefits and, therefore, commenced the instant action in a timely fashion as such "an action for *further benefits* ... may be commenced not later than two years after the last payment of benefits." 40 P.S. § 1009.106(c)(1). (emphasis supplied).[1]

The No-fault Act defines "no-fault benefits" as "basic benefits, added loss benefits, or both." 40 P.S. § 1009.103. "Basic loss benefits" are defined in the same section of the Act as *"benefits provided in accordance with this act* for the net loss sustained by a victim, subject to any applicable limitations, exclusions, deductibles, waiting periods, disqualifications, or other items and conditions provided or authorized *in accordance with this act* ...." 40 P.S. § 1009.-103. (emphasis supplied).[2] Since workmens' compensation benefits are not *"benefits provided in accordance with"* the No-fault Act but, rather, are benefits provided in accordance with the provisions of the Pennsylvania Workmens' Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1 et seq., appellant's argument that workmens' compensation benefits are "no-fault benefits" must fail.

---

**1.** Appellant alleged in his complaint that he had received workmens' compensation benefits as recently as February 28, 1980.

**2.** "Added loss benefits" are defined as "benefits provided by added loss insurance in accordance with section 207 of *this Act.*" 40 P.S. § 1009.103 (footnote omitted).

Judgment on the pleadings "is only appropriate where no material facts remain in dispute ... [and] the moving party's right to prevail is so clear than a trial would be a fruitless exercise ...." *Williams v. Lewis,* 319 Pa.Super. 552, 555, 466 A.2d 682, 683 (1983) (citations omitted). The distinguished trial judge properly entered judgment on the pleadings in favor of appellee in the instant case as there existed no factual dispute and the action filed by appellant seeking work loss benefits was clearly barred by Section 106(c)(1) of the No-fault Act.

Judgment affirmed.