# Curran v. Archdiocese of Philadelphia

*Theodore Schwartz,* for plaintiff.

*C. Clark Hodgson Jr., Timothy R. Coine, Christine Debevec* and *Byron Milner,* for defendant.

NEW, *J.,* November 23, 2005—The trial court properly granted defendant Archdiocese's motion for judgment on the pleadings as the two-year statute of limitations had run, therefore dismissing plaintiff's complaint as to defendants Archdiocese of Philadelphia.

## PROCEDURAL AND FACTUAL HISTORY

Linda Curran (plaintiff) initiated this present action against the Archdiocese of Philadelphia, Cardinal Anthony J. Bevilacqua (Archdiocese defendants) and the Congregation of the Sisters, Servants of the Immaculate Heart of Mary (defendant IHM) on July 23, 2004. Plaintiff alleged instances of childhood sexual abuse by Eileen Rhodes, who had been a sister of defendant IHM and was a teacher within the Archdiocese within the relevant time. The alleged sexual abuse occurred in 1980, 1984 and 1985. During plaintiff's sixth grade year, 1977, at Holy Cross Parish School, Rhodes was her teacher and a personal relationship was formed. By the time plaintiff was in ninth grade the relationship became sexual. Plaintiff alleges the sexual relationship continued through her eighteenth birthday while she was a student at Cardinal O'Hara High School. Plaintiff contends that she per-

ceived the relationship to be a consensual and loving relationship.

Until plaintiff sought psychological counseling in 2002, she alleges that she did not know or understand that she had been sexually abused by Rhodes and that she had been unable to "connect" her psychological and psychiatric injuries to the sexual abuse. In July 2002, a treating physician informed plaintiff that her injuries were caused by Rhodes' sexual abuse, but, at that time, plaintiff refused to understand, believe or acknowledge that Rhodes had harmed her by the sexual contact. Instead, plaintiff allegedly continued to believe the relationship was consensual and harmless.

After pleadings were closed, Archdiocese defendants filed a motion for judgment on the pleadings. By an order dated May 17, 2005, this court granted Archdiocese defendants' motion for judgment on the pleadings and dismissed plaintiff's complaint with prejudice. Plaintiff appeals that order, arguing the statute of limitations was tolled as a result of the discovery rule.

## LEGAL ANALYSIS

According to the Pennsylvania Rules of Civil Procedure, "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for a judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is in the nature of a demurrer as it gives the means to test the legal sufficiency of the pleadings. All of the plaintiff's allegations must be taken as true for the purposes of a motion for judgment on the pleadings. In addition, the motion should be granted where the law is clear and trial would be "a fruitless exercise." *Bata v. Central Penn*

*National Bank of Philadelphia,* 423 Pa. 373, 378, 224 A.2d 174, 178 (1966). It is well-settled that judgment on the pleadings is appropriate if there are no disputed issues of fact. *Williams v. Lewis,* 319 Pa. Super. 552, 555, 466 A.2d 682, 683 (1983).

Plaintiff argues the discovery rule tolls the statute of limitations in her case. The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *E.J.M. v. Archdiocese of Philadelphia,* 424 Pa. Super. 449, 454, 622 A.2d 1388, 1391 (1993). The discovery rule applies in only the most limited circumstances, where the plaintiff, despite the exercise of reasonable diligence, was unable to discover his or her injuries or its cause. *Id.* at 458, 622 A.2d at 1393.

Plaintiff initiated this action in 2004. Up until 2004, plaintiff states that while she recognized a sexual conduct did occur at the hands of Rhodes, her belief was that this was a consensual loving relationship. Plaintiff's situation is similar to that found in *E.J.M.* and *A.McD. v. Rosen,* 423 Pa. Super. 304, 621 A.2d 128 (1993). In both *E.J.M.* and *A.McD.,* the plaintiffs conceded that they never repressed their memories of physical acts, but claimed that they did not know the acts were "abuse" and had caused them psychological and emotional harm. See also, *Dalrymple v. Brown,* 549 Pa. 217, 701 A.2d 164, 176 (1997). In both cases, the Superior Court held the plaintiff's lack of awareness that the defendant's conduct was wrongful and injurious was irrelevant to the discovery rule analysis. *Id.* The court also held that once

the plaintiff knew what was happening to him or her and who was doing it, the plaintiff had a duty to investigate the matter and institute suit. *Id.*

Plaintiff argues the discovery rule should apply because, to her, the relationship was a loving and consensual relationship and not an abusive relationship. It was not until 2004 when plaintiff learned about an abuse case, involving Rhodes, taking place in Virginia that she realized what had happened to her was abuse as well. Therefore, according to plaintiff, the statute of limitations began to run in 2004. Plaintiff is incorrect in her thinking.

"The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite reasonable diligence. . . . The standard of reasonable diligence is *objective, not subjective.* It is not a standard of reasonable diligence unique to a particular plaintiff, but instead, a standard of reasonable diligence as applied to a 'reasonable person.'" *Dalrymple,* 549 Pa. at 224, 701 A.2d at 167. (emphasis added)

Therefore, although plaintiff may have thought the relationship was loving and consensual, the issue before this court was whether a reasonable person in the same situation would have thought the relationship was abusive or at least thought to diligently investigate the matter further. This court must determine the issue based upon the objective standard as applied to a reasonable person in the same or similar circumstances, and not upon a person sharing the same beliefs, understanding, and tendencies unique to the specific plaintiff in this case. Under the objective standard set out in *Dalrymple* and its progeny, the relationship between plaintiff and Rhodes was abusive from its inception; thus, when plaintiff real-

ized that a sexual contact had occurred at the hands of Rhodes, a reasonable person in her circumstances had a duty to diligently investigate the matter and institute suit within two years from that point in time. While this court is sympathetic towards plaintiff's situation, this court is bound by clearly stated case precedent in which the standard for "reasonable diligence" is objective. Plaintiff has not met her legal burden of establishing her inability to know of her injury despite reasonable diligence.

Additionally, plaintiff attempts to distinguish her case from the repressed memory in *Dalrymple* by arguing that she was aware of the touching that occurred, but was unaware the touching was harmful. "[Plaintiff]'s argument is creative. However, creativity cannot replace common sense. Regardless of how [plaintiff] categorizes repressed memory she cannot escape the fact that the original injury was a battery which is commonly defined at law as a harmful or offensive contact." *Dalrymple*, 549 Pa. at 229, 701 A.2d at 170. Plaintiff was aware of the battery when it occurred. The discovery rule does not apply to toll the statute of limitations. Therefore, defendant is entitled to judgment as a matter of law because the two-year statute of limitations expired before plaintiff initiated the cause of action.

Wherefore, for the above mentioned reason, this court's order should be affirmed.