393 A.2d 450

**Joseph P. OTTO and Stella P. Otto, his wife, Appellants,**

**v.**

**AMERICAN MUTUAL INSURANCE COMPANY.**

Supreme Court of Pennsylvania.

Argued April 20, 1978.

Decided Oct. 27, 1978.

Richard A. Weisbord, Philadelphia, for appellants.

LaBrum & Doak, Daniel J. Ryan, Kean K. McDonald, James M. Marsh, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM.

Joseph P. Otto and Stella P. Otto, plaintiffs below, have appealed from an order of the Superior Court, 241 Pa.Super. 423, 361 A.2d 815 (1976), affirming an order of the Court of Common Pleas of Philadelphia County. The court of common pleas had sustained a preliminary objection in the nature of a demurrer filed by American Mutual Insurance Company, the respondent herein, and had dismissed the complaint. The order did not grant petitioners leave to amend their complaint.

We agree with the Superior Court's holding that petitioners' complaint as drawn failed to state a cause of action. The problem which remains is whether the sustaining of the preliminary objection should put the petitioners completely out of court.

■ The appellants argue here, as they did before the Superior Court, that their complaint was curable by amendment notwithstanding that the statute of limitations had expired, but that the trial court had deprived them of the opportunity to cure the defects in the complaint by dismissing it outright. This, the appellants contend, was an abuse of discretion, leaving them no option other than to appeal from the order dismissing their complaint.[1]

[1]. An order sustaining preliminary objections in the nature of a demurrer and dismissing the complaint is a final order and, therefore, appealable. *J. A. & W. A. Hess, Inc. v. Hazle Township*, 465 Pa. 465, 350 A.2d 858 (1976); *Catanese v. Scirica*, 437 Pa. 519, 263 A.2d 372 (1970); *Sullivan v. Philadelphia*, 378 Pa. 648, 107 A.2d 854 (1954).

There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile.[2] We think, however, that the Superior Court erred in concluding that this was such a case. The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. Pa.R.C.P. 1033; *Bata v. Central Penn National Bank of Philadelphia*, 448 Pa. 355, 293 A.2d 343 (1972), *cert. den.* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689, *rehearing den.* 410 U.S. 960, 93 S.Ct. 1417, 35 L.Ed.2d 695 (1973); *Glenn v. Point Park College*, 441 Pa. 474, 272 A.2d 895 (1971); *Quaker City Chocolate & Confectionery Co. v. Delhi-Warnock Bldg. Assn.*, 357 Pa. 307, 53 A.2d 597 (1947); *Garnack v. McNally*, 315 Pa. 30, 172 A. 102 (1934). Cf. *Robinson v. Tool-O-Matic, Inc.*, 216 Pa.Super. 258, 261, 263 A.2d 914, 916, *alloc. refused*, 216 Pa.Super. 1 (1970). See also *Adler v. Helsel*, 344 Pa. 386, 25 A.2d 714 (1942).

Accordingly, for the reasons indicated, the order of the Superior Court is vacated and the matter is remanded to the court of common pleas for further proceedings consistent with this opinion.

2. *Behrend v. Yellow Cab Co.*, 441 Pa. 105, 271 A.2d 241 (1970). See also, *Geary v. United States Steel Corp.*, 456 Pa. 171, 180 n.11, 319 A.2d 174, 178 n.11 (1974); *Nationwide Mutual Insurance Co. v. Barbera*, 443 Pa. 93, 277 A.2d 821 (1971).