## Asher v. Solar Shelter Engineering Co., Inc.

*Alan I. Baskin,* for plaintiffs.
*Robert P. Grim,* for defendant.

SAYLOR, *J.*, February 4, 1980—This case comes before the court on defendant's preliminary objections to plaintiffs' complaint. The objections are in the nature of a demurrer, a motion to strike, motion for more specific pleadings, petition raising a question of jurisdiction, and petition raising nonjoinder of a necessary party.

The standard to be applied when ruling on a demurrer is "'. . . whether upon the facts averred in the pleading being attacked the law says with certainty that the claim or defense is no good, and if there is any doubt as to whether the demurrer should be sustained it should be resolved against the objecting party.'" King v. U.S. Steel Corp., 432 Pa. 140, 144, 247 A. 2d 563, 565 (1968). "[E]very material and relevant fact well pleaded in the complaint and every inference fairly deducible therefrom are to be taken as true." Yania v. Bigan, 397 Pa. 316, 318, 155 A. 2d 343, 344 (1959).

With this standard before us the facts in plaintiffs' complaint may be summarized as follows:

On March 15, 1976, plaintiffs entered into a written building contract with a corporation called Shelter First Group, Inc. (hereinafter referred to as First Group), for construction of their residence. First Group represented that the heating system was solar as well as conventional and that by reason of the solar heating there would be a savings in heating costs. (It should be noted at this juncture that First Group is not a party to this suit and sometime prior to the filing of plaintiffs' complaint First Group was placed into involuntary bankruptcy.)

Plaintiffs' residence was completed and occupied in August, 1976. The solar heating system never worked as represented by First Group.

Although not a party to the written building contract nor a party to this suit, another corporation known as Solar Shelter, Inc. (hereinafter referred to as Solar Shelter), designed, engineered and marketed the solar heating system installed by First Group in plaintiffs' residence.

Plaintiffs aver in paragraphs 6 and 7 of their complaint that Solar Shelter, as well as the now bankrupt First Group, represented to the public

generally and to plaintiffs specifically that the heating system would reduce heating costs because of its solar design feature.

Sometime thereafter Solar Shelter was liquidated and its assets were sold to defendant, Solar Shelter Engineering Co., Inc.

Plaintiffs next allege that a group of the same individuals who were shareholders, directors and officers in First Group and who likewise were shareholders, directors and officers in Solar Shelter, are the principals involved in defendant corporation. Defendant was organized for the identical purpose that Solar Shelter was founded and when its assets were transferred to it, defendant knew plaintiffs' heating unit was not operating as represented by First Group and Solar Shelter.

Plaintiffs' two-count complaint in trespass and assumpsit seeks a substantial amount for direct and consequential damages resulting from the failure of the solar heating system.

Under the trespass count plaintiffs say the sale of Solar Shelter's assets to defendant was fraudulent, designed to avoid claims by purchasers of the heating unit "*since* all three of the above corporations were so dominated and controlled by the same individuals that the corporations lost their individuality and separateness." Except for this averment, no factual allegations to establish fraud are mentioned. It is further averred that by reason of this lost individuality and lack of separateness the defendant from and after the date it was incorporated assumed the responsibility to repair and redesign plaintiffs' solar heating system. It is clear from reading the complaint in its entirety, coupled with its placement in the trespass count instead of the assumpsit count, and as further elaborated upon by plaintiffs' counsel at oral argument, the "assumed

responsibility" referred to is not one of fact but rather one which arises according to plaintiffs by operation of law from the manner in which defendant corporation was created. In support of their position plaintiffs assert that defendant holds out the heating system used in plaintiffs' home as one of its own systems. Plaintiffs' home, according to the complaint, is used in defendant's advertising brochure as one of its units.

In the assumpsit count recovery is sought because defendant had a contractual obligation to produce a properly working heating system. Breach of warranties under the Uniform Commercial Code of fitness for a particular purpose and contractual warranties and representations, both oral and written, are also asserted. These bold assertions are made although no contract existed between the parties.

Despite no contractual relationship between the parties, and no assumption in fact of the liabilities, if any, of bankrupt First Group and liquidated Solar Shelter, plaintiffs base their claim for recovery on the following propositions: (a) That defendant corporation by reason of having acquired Solar Shelter's assets, by operation of law, impliedly assumed its liabilities; and (b) defendant's "corporate veil" should be pierced to show that because its principals are the same individuals who were principals in the other two corporations, it is really the same entity as Solar Shelter and/or First Group.

Novel as these propositions are, we know of no authority, nor has counsel shown us any, which will support them.

As to the first proposition, generally a mere sale of corporate property by one company to another does not make the purchaser liable for the liabilities of

the seller not assumed by it. See Husak v. Berkel, Inc., 234 Pa. Superior Ct. 452, 341 A. 2d 174 (1975).

We are not satisfied in the first instance that plaintiffs state a cause of action against Solar Shelter. Assuming plaintiffs have an actionable claim against it, it does not follow that defendant automatically inherited such liability simply because it purchased Solar Shelter's assets. If plaintiffs are Solar Shelter's creditors they either have or had remedies against the dissolved corporation and against its shareholders under the Pennsylvania Business Corporation Law for any impropriety in winding up its affairs and selling the assets to defendant, but we cannot rule on that question because Solar Shelter and the individual principals accused of being involved are not parties to this suit. See Heaney v. Riddle, 343 Pa. 453, 23 A. 2d 456 (1942); also see Act of May 5, 1933, P.L. 364, art. XI, sec. 1111, as amended by Act of July 20, 1968, P.L. 459, sec. 57.1, 15 P.S. §2111.

The second proposition is equally unsupportable. Interlocking directorates are not illegal, and the same person may legally and properly act as director in two corporations, even when corporations are dealing with each other: Gale Industries, Inc. v. Bristol Farmers Market & Auction Co., 431 Pa. 464, 246 A. 2d 391 (1968). As we understand it, the theory behind piercing a corporate veil is to go behind the limited liability of a corporation and make claim against the individual shareholders. Even assuming plaintiffs state enough to pierce defendant's "veil," it would be inappropriate and of no avail here because the individual shareholders are not parties to this suit.

For these reasons, we hold that plaintiffs' com-

plaint as drawn fails to state a cause of action. Because of this disposition it is not necessary to discuss or rule on defendant's other objections.

The only remaining question is whether we should dismiss plaintiffs' complaint or grant them leave to amend it. The Pennsylvania Supreme Court in Otto v. American Mutual Insurance Company, 482 Pa. 202, 205, 393 A. 2d 450, 451 (1978), held: "The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." We find that such a possibility exists here and accordingly enter the following

## ORDER

And now, February 4, 1980, defendant's preliminary objections in the nature of a demurrer are sustained. Plaintiffs are granted leave to file an amended complaint within 30 days from the date that this order is served upon them or otherwise their action shall be dismissed.