434 A.2d 753

Edith L. CHAPMAN, Administratrix of the Estate of
William F. Chapman, Deceased

v.

CITY OF PHILADELPHIA and Southeastern Pennsylvania
Transportation Authority and Consolidated
Rail Corporation.

Appeal of SEPTA and Conrail.

Appeal of Edith L. CHAPMAN, Administratrix of the Estate
of William F. Chapman, Deceased.

Superior Court of Pennsylvania.

Argued May 27, 1981.

Filed Sept. 4, 1981.

Petition for Allowance of Appeal Denied Dec. 29, 1981.

John R. Padova, Philadelphia, for Southeastern Pa. Transp. Authority and Consolidated Rail Corp.

Albert M. Hankin, Philadelphia, for Chapman.

Barbara R. Axelrod, Philadelphia, for City of Philadelphia, appellee.

Before WICKERSHAM, McEWEN and WIEAND, JJ.

WICKERSHAM, Judge:

This appeal is from the lower court's order sustaining preliminary objections in the nature of a demurrer and dismissing the plaintiff's, Edith Chapman's, complaint in trespass against the City of Philadelphia. Plaintiff's complaint against the City of Philadelphia avers that plaintiff's decedent, William F. Chapman, died on August 14, 1978 as a result of injuries he sustained on August 11, 1978 when he was attacked and robbed by three men on the platform of

the Wayne Junction Railroad Station. The complaint alleges that the City of Philadelphia negligently breached its duty to plaintiff's decedent by failing to maintain law and order, protect the citizens and prevent unsafe conditions from existing.

Appellants argue that the lower court erred in dismissing plaintiff's complaint without affording her an opportunity to file an amended complaint. We affirm the order of the lower court.

Speaking for The Supreme Court of Pennsylvania, Justice Nix recently stated that:

It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward*, 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph*, 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

*Sinn v. Burd*, 486 Pa. 146, 149–50, 404 A.2d 672, 673–74 (1979).

■ The duty of the City of Philadelphia to provide police protection is a public one which may not be claimed by an individual unless a special relationship exists between the city and the individual. *Berlin v. Drexel University*, 10 Pa. D.&C.3d 319 (1979); 46 A.L.R.3d 1084. A special relationship is generally found to exist only in cases in which an individual is exposed to a special danger and the authorities have undertaken the responsibility to provide adequate protection for him. *Berlin v. Drexel, supra*; 46 A.L.R.3d 1084.

■ Plaintiff's complaint fails to set forth any facts from which it would be possible to infer that a special relationship existed between William F. Chapman and the City of Philadelphia, and, consequently, the lower court properly sustained the city's preliminary objections. Appellant's argue, however, that the lower court erred in dismissing plaintiff's complaint without affording her an opportunity to file an amended complaint. We do not agree.

In *Otto v. American Mutual Insurance Company*, 482 Pa. 202, 205, 393 A.2d 450, 451 (1978), the Supreme Court of Pennsylvania stated that "[t]he right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." The court added, however, that "[t]here may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile." *Id.*, 482 Pa. at 205, 393 A.2d at 451.

We believe that this is an appropriate case for entry of an order sustaining preliminary objections without leave to amend.

Summary judgment on the preliminary objections should be entered only in clear cases. If there is a possible theory under which the complaint might be self-sustaining, leave to amend should be granted to enable the plaintiff to conform his pleading to that theory. Where doubt exists as to whether or not summary judgment should be entered, it should be resolved in favor of refusing to enter such a judgment. This Rule applies equally to minor errors in the complaint, to the pleading of damages, and to errors attacked by demurrer.

The court is allowed a 'wide discretion' in its allowance of amendments. It may allow such amendments in order to include assertions made in the briefs or during the oral argument, it may, when both the complaint and the counterclaim appear insufficient, simply direct the plaintiff to begin anew with an amended complaint, and it may direct an amendment simply for the purpose of presenting a full record so that a subsequent motion for judgment on the pleadings may raise the vital issues.

Where there is not apparent possibility that the plaintiff can set forth a better case by amendment, it is not an abuse of discretion to refuse amendment. If no amendment of the complaint can cure the defects, the court may enter a final judgment. Where the complaint cannot be amended, the court may enter final judgment for the defendant on demurrer without leave to amend.

Goodrich Amram 2d, § 1028(e):2.

■ In her memorandum of law filed with her answer to the city's preliminary objections, plaintiff indicated that her action against the City of Philadelphia was predicated on the fact that the city was aware that the Wayne Junction Railroad Station was a particularly dangerous area but that it did nothing about it. It is clear that such proof would not be sufficient to state a cause of action because it does not establish that a special relationship existed between the city and the plaintiff's decedent. In their appellate brief, appellants urge us to find that a special relationship exists between the city and any individual who is injured in a particularly dangerous area. We decline to do so.

Appellants urge this court to proclaim a sweeping duty of protection in the law of tort, far beyond anything any court or indeed our own State legislature has been willing to recognize. As the New York Court of Appeals cautioned in *Riss v. New York*, 22 N.Y.2d 579, 581, 293 N.Y.S.2d 897, 898, 240 N.E.2d 860, 861 (1968).

The amount of protection that may be provided is limited by the resources of the community and by a considered legislative-executive decision as to how those resources may be deployed. For the courts to proclaim a new and general duty of protection in the law of tort, even to those who may be the particular seekers of protection based on specific hazards, could and would inevitably determine how the limited police resources of the community should be allocated and without predictable limits. This is quite different from the predictable allocation of resources and liabilities when public hospitals, rapid transit systems, or even highways are provided.

\* \* \* \* \* \*

Before such extension of responsibilities should be dictated by the indirect imposition of tort liabilities, there should be a *legislative* determination that should be the scope of public responsibility .... to foist a presumed cure for these problems by judicial innovation of a new kind of liability in tort would be foolhardy indeed and an assumption of judicial wisdom and power not possessed by the courts. (Emphasis added).

Order of court affirmed.

WIEAND, J. concurs in the result.