448 A.2d 1104

**Robert A. SIEGLE, Appellant,**

v.

**U. S. STEEL CORPORATION.**

Superior Court of Pennsylvania.

Submitted May 19, 1982.

Filed July 30, 1982.

Andrew J. Achman, Pittsburgh, for appellant.

Richard F. Lerach, Pittsburgh, for appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

McEWEN, Judge:

We here review an Order of the Court of Common Pleas of Allegheny County which sustained preliminary objections in the nature of a demurrer and dismissed the complaint.

Plaintiff brought this action to recover lost earnings and punitive damages from his former employer, the defendant-appellee in this lawsuit. The employee filed a complaint in trespass and assumpsit which alleged that the employer committed a tortious act and committed a breach of an oral employment contract when it discharged the plaintiff.

The appellant presents the following questions for our review: (1) whether the trial court properly decided that the complaint failed to state a cause of action upon which relief could be granted?; and (2) whether the plaintiff should be given the opportunity to amend his complaint?

We have carefully reviewed the record and we conclude that the distinguished Allegheny County Common Pleas Court Judge Emil E. Narick has very ably addressed and quite correctly ruled that the complaint failed to state a cause of action.

As a result of this ruling we must now consider whether the plaintiff should be afforded the opportunity to amend his pleading. The defendant-corporation contends that the plaintiff has lost any right to so amend his pleading as a result of the failure of the plaintiff to seek amendment of the complaint in the Common Pleas Court. The Common Pleas Court made no mention in its Order of dismissal of leave to amend the complaint nor did plaintiff himself then seek leave of the court to amend the complaint.

While plaintiff would have been better advised to attempt to amend the complaint in the Common Pleas Court, the decision of our Supreme Court in the case of *Otto v. American Mutual Insurance Co.*, 482 Pa. 202, 393 A.2d 450 (1978), dictates that we grant the plaintiff leave to amend his complaint. *Associates of Philipsburg v. Hurwitz*, 292 Pa.Super. 406, 437 A.2d 447 (1981). *Contra Coyne v. Porter-Hayden Co.*, 286 Pa.Super. 1, 428 A.2d 208 (1981); *Smith v. Brown*, 283 Pa.Super. 116, 423 A.2d 743 (1980); *Snaith v. Snaith*, 282 Pa.Super. 450, 422 A.2d 1379 (1980); *DiSante v. Russ Financial Co.*, 251 Pa.Super. 184, 380 A.2d 439 (1977).

In *Otto, supra,* our Supreme Court allowed the plaintiff the opportunity to file an amended pleading, despite the fact that, as the Superior Court had pointed out in its opinion,[1] the plaintiff did not attempt to amend the complaint at the Common Pleas Court level. In so ruling, the Supreme Court in *Otto* reiterated the well established rule that, "the right to amend should not be withheld when there is some reasonable possibility that amendment can be accomplished successfully." *Id.,* 482 Pa. at 205, 393 A.2d at 452. Thus, pursuant to the holding of our Supreme Court in *Otto,* we will not automatically refuse to allow an amendment even though the plaintiff has not attempted to amend the complaint at the Common Pleas level.

The question remains as to whether "there is some reasonable possibility that the amendment can be accomplished successfully", or whether it would be futile to grant the plaintiff leave to amend for the reason that it would still be impossible for the plaintiff to state a cause of action. In this case, we cannot conclude that it would be futile to grant the plaintiff leave to amend his complaint.

Accordingly, we affirm that portion of the Order sustaining the preliminary objections of the defendant and vacate that portion of the Order dismissing the complaint of the plaintiff, while remanding this case to the Common Pleas Court for further proceedings consistent with this Opinion. Jurisdiction is relinquished.

Affirmed in part, vacated in part and remanded.

HESTER, J., files a concurring and dissenting statement.

HESTER, Judge, concurring and dissenting:

I concur with that portion of the majority opinion which affirms the finding of the court below to the effect that the complaint failed to state a cause of action.

I dissent from that portion of the majority opinion which remands in order to permit appellant to amend his complaint.

1. *Otto v. American Mutual Insurance Co.,* 241 Pa.Super. 423, 361 A.2d 815 (1976).

I would affirm on the opinion of Judge Narick of the court below.