Robert B. Wicks et al., Appellants *v.* Monroe Township, Appellee.

Argued September 14, 1983, before Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*David Lutz,* with him, *Joseph M. Melillo, Angino &
Rovner, P.C.,* for appellants.

*Marlin R. McCaleb,* with him, *Richard C. Snelbaker,
Snelbaker, McCaleb & Elicker,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., May 4, 1984:

Before us in this appeal is an order of the Court of
Common Pleas of Cumberland County, denying the
appellants leave to amend the complaints they had

filed in lawsuits against Monroe Township, and also granting the defendant's motion to dismiss those actions.

This case began in 1974 when four groups of plaintiffs, the appellants herein, each filed trespass-assumpsit actions against several defendants, including Monroe Township (Township) and its three Supervisors. The suits were for damages the plaintiffs had suffered when inadequate drainage systems, and excessive runoff water and mud from a hill above their properties, caused the plaintiffs' homes to become uninhabitable. The runoff problems were allegedly caused, in part, by the fact that the homes had been constructed on the hillside. It was also alleged that the Township Supervisors allowed the construction to continue after they became aware of the drainage problems, and did not take precautions to prevent or minimize them.

The plaintiffs' actions against the Township's Supervisors were on the theory that the Supervisors, once they learned of the runoff and drainage problems, should have revoked the permits that allowed the builders to continue construction on the hillside. The Township itself was made a defendant under the doctrine of respondeat superior.

The Township and its Supervisors filed several preliminary objections to the suits, including a demurrer asserting immunity from liability. By an order dated January 21, 1975, the trial court sustained that demurrer. The court reasoned that the Supervisors were "high public officials," and as such, were immune from civil liability in the actions brought by the plaintiffs. This same immunity, the court concluded, also shielded the Township itself from liability in the matter. Hence, the trial court dismissed the actions insofar as the Township and its Supervisors were concerned. The plaintiffs appealed that order to the Su-

perior Court of Pennsylvania, which, in turn, transferred the case to our Court.

Upon our review of the trial court's order of January 21, 1975, we affirmed in part and reversed in part. Our decision in that regard, set forth in *Wicks v. Milzoco Builders, Inc.*, 25 Pa. Commonwealth Ct. 340, 360 A.2d 250 (1976) *(Wicks I)*, was that the trial court was correct as to the immunity of the Township Supervisors, but that the court had erred in concluding that the *Township itself* was also immune from liability. Consequently, we directed the trial court to reinstate the plaintiffs' actions against the Township. On October 5, 1978, our decision in *Wicks I* was affirmed by the Supreme Court of Pennsylvania. *Wicks v. Milzoco Builders, Inc.*, 481 Pa. 554, 393 A.2d 300 (1978).

It is to be noted that while *Wicks I* was in the channels of appellate review, the plaintiffs filed amended complaints as to all defendants *except the Township and the Supervisors*. Following the remand in *Wicks I*, the trial court considered other of the preliminary objections that had been initially raised on behalf of the Township, but which had not been resolved by the order of January 21, 1975. One of the still outstanding objections was *another demurrer*, asserting that the plaintiffs' complaints failed to set forth sufficient facts to state a cause of action against the Township. According to that demurrer, the plaintiffs had not sufficiently pleaded facts as would indicate the breach of an affirmative duty by officials of the Township. By an order dated August 3, 1979, the trial court sustained this previously unresolved demurrer.

The trial court's order of August 3, 1979 was silent as to the plaintiffs' right to amend their complaints. However, without asking the trial court for leave to amend, the plaintiffs appealed to the Superior Court, which, once again, transferred the matter to us. On

March 5, 1981, in *Wicks v. Monroe Township,* 57 Pa. Commonwealth Ct. 307, 425 A.2d 1223 (1981) *(Wicks II),* we affirmed the trial court's order of August 3, 1979. Our decision in *Wicks II* is silent with respect to the plaintiffs having a right to amend their complaints; but there is no indication that the plaintiffs asked for such relief *in that appeal.* On June 2, 1981, the Supreme Court of Pennsylvania denied the plaintiffs' petition for an allowance of appeal from *Wicks II.*

During the pendency of the appeal in *Wicks II,* the Township filed a motion in the trial court for the dismissal of the plaintiffs' actions as to it. The trial court did not rule on the motion at the time, because the case was then on appeal. The plaintiffs then filed a petition asking the trial court for leave to amend their complaints.

After the Supreme Court's order of June 2, 1981, denying the allowance of an appeal in *Wicks II,* the trial court entered an order refusing the plaintiffs' petition for leave to amend, and granting the Township's motion for dismissal. That order was dated August 25, 1981, and is the subject of the appeal now before us.[1]

The appellants argue that the court below erred in dismissing their actions against the Township without first giving them leave to amend their complaints. The trial court concluded that the plaintiffs were untimely in their request to amend and had waived the right to do so.

Recent decisions of the Superior Court have held that where a demurrer is sustained, the plaintiff may argue for the right to amend his complaint—even when that issue is raised for the first time on appeal.

---

[1] This appeal, like the two before it, was filed with the Superior Court and then transferred to us.

234

*Siegle v. U.S. Steel Corp.*, 302 Pa. Superior Ct. 404, 448 A.2d 1104 (1982); *Associates of Philipsburg v. Hurwitz*, 292 Pa. Superior Ct. 406, 437 A.2d 447 (1981).[2] The rule enunciated in these decisions would aid the instant appellants if they had sought the right to amend when they prosecuted their appeal in *Wicks II*. But these plaintiffs did not do that. Not only did they fail to request leave to amend when the demurrer was sustained on August 3, 1979, but they also failed to seek such relief when they appealed from that order, in *Wicks II*.[3] Consequently, the trial court was correct in ruling that their subsequent prayer to amend was untimely.

For the reasons set forth, the order of the court below must be affirmed.

ORDER

AND Now, the 4th day of May, 1984, the order of the Court of Common Pleas of Cumberland County dated August 25, 1981, at Nos. 802-805 Civil 1974, is affirmed.

[2] These decisions by the Superior Court were based on the holding of the Supreme Court of Pennsylvania in *Otto v. American Mutual Insurance Co.*, 482 Pa. 202, 393 A.2d 450 (1978).

[3] In the appeal now before us, the plaintiffs do not assert that they asked for the right to amend when they presented their appeal in *Wicks II*.