## Tomaschik v. Lachette

*Michael F. Mychak,* for plaintiff.
*Paul C. Hensel,* for defendant.

HOURIGAN, *P. J.,* July 16, 1984—This case is before the court on plaintiff's preliminary objections to defendant's answer and counterclaim in the nature of a motion to strike, a motion for more specific pleading and demurrer.

Plaintiff brought this action for rent due under a one year written lease agreement, executed on a simple printed lease form, for a sub shop in a multiunit commercial building in White Haven, Pa. Defendant occupied the premises for one month, paid that month's rent, and vacated the premises.

In his answer and counterclaim, defendant admitted the existence of a lease, but denied that he owed rent, claiming the landlord breached an oral commitment that he would not lease to a competing business.

Plaintiff's preliminary objections allege that since defendant does not allege fraud, accident or mistake, he is bound by the written lease and under the Parol Evidence Rule, he can not introduce evidence to modify or change a written agreement. Further, in a motion for more specific counterclaim, he seeks a more definitive pleading of damages and the intent of parties as to definition of a competing business.

Plaintiff's objections are well founded.

"It is a well-established principle that when parties reduce an agreement to writing, all negotiations, conversations, oral promises, verbal agreements, etc., are merged in, and superseded and extinguished by, the written contract. It is equally well settled that when a right of action depends upon impeaching the terms of a written instrument or upon some supposed agreement or stipulation not incorporated in the written agreement of the parties, the grounds of impeachment or the reason for the omission, whether fraud, accident or mistake, should be distinctly averred in the complaint, and the terms of the agreement should be pleaded; otherwise, no evidence can be given in contradiction of the terms of the instrument. In other words, parol evidence is not admissible to modify a written agreement, except upon an allegation in the pleading of fraud, accident, or mistake.

Whenever a party relies on fraud, or mistake, such fraud or mistake should be distinctly alleged, and when action is brought on a contract in writing, in order to recover for breach of a parol provision contemporaneous with the written instrument, but of a different effect, the plaintiff must aver that such provision was omitted from the writing by fraud or mistake, and establish this averment by such measure of proof as would have justified reformation of

the contract." 4 Standard Pennsylvania Practice 2d 22:24, 189-190.

"Representations made by the landlord in the course of negotiations for leasing, if not false or fraudulent, do not ordinarily constitute a good defense, even though unfulfilled." 22 P.L.E. Landlord and Tenant, §342 (p. 123).

The facts surrounding the alleged oral commitment by the landlord have not been alleged, nor have any allegations of fraud been alleged. Defendant has not alleged how he determined what his damages are.

Plaintiff requested this court not to grant defendant the right to file an amended answer and counterclaim.

In Otto v. American Mutual Insurance Company, 482 Pa. 202, 205, 393 A.2d 450 (1978) the court stated at pages 451-452:

"[2, 3] There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. We think, however, that the Superior Court erred in concluding that this was such a case. The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. Pa.R.C.P. 1033." (Citations omitted.)

We shall permit defendant to file an amended answer and counterclaim to allege fraud of false misrepresentation, if it does exist.

Accordingly, we enter the following

ORDER

It is ordered and decreed that defendant is allowed 30 days to file an amended counterclaim if appropriate, in accordance with this decision and if an amended counterclaim is not filed, plaintiff's preliminary objections in the nature of a demurrer is sustained.