578 A.2d 609

Mae Vern YATES, Individually and as Administratrix of the
Estate of Sylvia Michelle Yates, Deceased and
Cynthia Yates, Appellants,

v.

CITY OF PHILADELPHIA, Appellee.

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided July 27, 1990.

John J. Leonard, with him, Francis M. Chmielewski, Leonard, Tillery & Davison, Philadelphia, for appellants.

Alan C. Ostrow, Asst. City Sol., with him, Seymour Kurland, City Sol., Norma S. Weaver, Chief Deputy in Charge of Claims, and Barbara R. Axelrod, Divisional Deputy in Charge of Appeals, for appellee.

Before DOYLE, BARRY and PALLADINO, JJ.

## OPINION

BARRY, Judge.

This is an appeal from an order which sustained preliminary objections filed by the appellee City of Philadelphia in the Court of Common Pleas of Philadelphia County. The appellants in this case are Mae Vern Yates, individually and as the administratrix of the estate of Sylvia Yates, her deceased daughter, and Cynthia Yates, a second daughter.

The complaint discloses that on September 10, 1987 an altercation began behind the Yates home. The Philadelphia police arrived on the scene and spoke to the two groups involved in the altercation before departing. Sometime later the fighting resumed and Mrs. Yates heard someone shout, "He's got a gun." She then telephoned the police and was told they would send someone right out. About half an hour later Mrs. Yates again heard someone say, "He's got a gun." Because the police had not yet responded to her first call, she again called the police. Two police vehicles then arrived on the scene but the officers remained in their cars and did not disperse the crowd. The police then left the scene. After the police left, a shot was fired

at the rear of the Yates home. Sylvia was injured and later died of her wounds.

Appellants filed suit against the City of Philadelphia. The city filed preliminary objections in the nature of a demurrer. The basis of the preliminary objections was that appellants had not alleged facts sufficient to establish a special relationship between the Yates and the police. The preliminary objections were sustained and this appeal followed.

 The general rule of law is that municipalities have no duty to protect a specific individual from the criminal acts of third parties. The exception to this rule occurs when there is a special relationship between the police and the crime victim. Where such a relationship is established the police and the municipality owe a duty to the victim which can give rise to tort liability. *Morris v. Musser,* 84 Pa.Commonwealth Ct. 170, 478 A.2d 937 (1984). Appellants argue that the allegations of their complaint support such a relationship.

The first case to address this issue in Pennsylvania was *Chapman v. City of Philadelphia,* 290 Pa.Superior Ct. 281, 434 A.2d 753 (1981). In that case the Superior Court affirmed the dismissal of a complaint against the city arising out of an attack on plaintiff's decedent in a railroad station. Plaintiff alleged that the city should be liable merely because it knew that the railroad station was a dangerous area. The court stated that a special relationship is found only where an individual is exposed to a special danger and the authorities have undertaken the responsibility to provide adequate protection for him or her, and the court concluded that the plaintiff had not pled facts which could establish such a relationship.

In *Melendez v. City of Philadelphia,* 320 Pa.Superior Ct. 59, 466 A.2d 1060 (1983), a factual situation similar to *Chapman* was alleged in that the plaintiff was shot during a racial confrontation in an area in which the police were aware that there were racial tensions. The plaintiff's case

was slightly stronger than in *Chapman* because of the fact that the police had made some sort of assurances to the residents of the neighborhood that the police would provide protection during the racial problems. Nevertheless, the Superior Court affirmed a grant of summary judgment for the city, finding no special relationship under the alleged facts. In discussing the case law from other jurisdictions, the court stated that:

> [T]he rule almost universally recognized is that the individual claiming a "special relationship" must demonstrate that the police were: 1) aware of the *individual's* particular situation or unique status, 2) had knowledge of the potential for the particular harm which the *individual* suffered, and 3) voluntarily assumed, in light of that knowledge, to protect the *individual* from the precise harm which was occasioned.

*Melendez*, 320 Pa.Superior Ct. at 65, 466 A.2d at 1063–64 (emphasis in original). The court went on to hold that the assurances made to a group of citizens do not give rise to a duty to an individual.

In *Morris v. Musser* this court was confronted with a situation where a husband and wife who ran a filling station were attacked by four assailants. The couple alleged that officer Musser was apprised of the attack but did not intervene in time to prevent or reduce their injuries. We stated in *Morris* that a special relationship can only be found either where individuals are imperiled because they have aided law enforcement as informers or witnesses, or where the police have expressly promised to protect specific individuals from precise harm. We also stated that an emergency aid request communicated to the police does not create a special duty owing to crime victims and we went on to hold that the alleged facts did not establish a special relationship.

In *Steiner v. City of Pittsburgh*, 97 Pa.Commonwealth Ct. 440, 509 A.2d 1368 (1986), this court affirmed the dismissal of a complaint alleging that the City of Pittsburgh was liable for the failure of a "911" operator to process an

emergency telephone call. The plaintiff was attacked and raped by an intruder after placing the call. While the case was decided primarily on the issue of immunity, this court also found that there was no recognizable common law claim against the city.

In light of the case law, we hold that the trial court did not err in dismissing the complaint. Appellants did not inform the police that any threats or acts of violence had been directed toward them, and the police promised nothing more than that they would investigate the disturbance. The police did not promise appellants that they would be protected from any special threat unique to them. If we examine the situation under the *Melendez* criteria, we reach the same conclusion. The police were aware of the Yates' particular situation, but the Yates family did not hold a unique status because any bystander would be as much at risk as they were. Although the police knew of the potential for a bystander to be hurt, they did not know of any threats or acts of violence directed towards the Yates family because there were none until the gun was fired at the home. Finally, the police did not assure the Yates family that they would protect them from the dangers caused by the gang fight. The focus of *Melendez* is on the individual and any danger unique to the individual from which the police specifically promise protection. In this case the police response that they would be right out could not be interpreted as an assurance that the police would protect the Yates from any specific harm. The police did not undertake an obligation to provide a greater degree of protection to the Yates family than to anyone else in the neighborhood, *Casey v. Geiger*, 346 Pa.Superior Ct. 279, 499 A.2d 606 (1985), *appeal denied*, 516 Pa. 638, 533 A.2d 710 (1987), nor did they voluntarily assume to accord the Yates particular benefits not accorded to the public at large. *Caldwell v. City of Philadelphia*, 358 Pa.Superior Ct. 406, 517 A.2d 1296 (1986), *appeal denied*, 517 Pa. 597, 535 A.2d 1056 (1987).

Appellants attempt to argue that a duty was established based on the cases of *Socarras v. City of Philadelphia*, 123

Pa.Commonwealth Ct. 197, 552 A.2d 1171 (1989), *appeal denied*, 522 Pa. 608, 562 A.2d 829 (1989), and *Mindala v. American Motors Corp.*, 518 Pa. 350, 543 A.2d 520 (1988). Both of these cases involved traffic accidents where the police were held to owe a duty to correct a hazardous traffic condition because they had been granted specific statutory authority to act, were aware of the condition, and had the capability to rectify the situation. The cases are distinguishable based on the presence of the specific statutory authority to act. In Justice Zappala's plurality opinion in *Mindala*, he endorses the cases which require the showing of a special relationship between the individual and the police before a duty can be created under the general police powers.[1]

The soundness of the special relationship doctrine lies in the idea that police must have broad discretion to act without fear of civil liability resulting from the exercise of their duties. The specter of civil liability could cause police officers to take unwarranted actions in order to minimize their liability instead of taking what action is, in their judgment, in the best interest of the public. *Morgan v. District of Columbia*, 468 A.2d 1306 (D.C. Court of Appeals 1983). It is for this reason that the courts will not find a special relationship based solely on an emergency telephone call to the police.

Based on the above discussion we will affirm the trial court's dismissal of the complaint.[2]

## ORDER

NOW, July 27, 1990, the order of the Court of Common Pleas of Philadelphia County, dated November 10, 1988, at No. 5189, August Term, 1988, is affirmed.

1. In an attempt to avoid this problem, appellants cite 42 Pa.C.S. § 8952 as specific statutory authority to act. That section, however, merely recites the municipal police officer's general power to enforce the laws of the Commonwealth.

2. Because of our disposition of the special relationship issue, we need not address the validity of Philadelphia's waiver of immunity for police negligence. That issue was also raised in the briefs.