## White v. City of Philadelphia

*Edwin Dashevsky,* for plaintiffs.
*Donna J. Mouzayck,* for defendants.

NIGRO, *J.,* June 8, 1992—

FACTS AND PROCEDURAL HISTORY

This opinion is in support of the court's January 22, 1992, order entering judgment on the pleadings in favor of defendants, the city of Philadelphia, Mark Itzko and Joseph Crone.

Plaintiffs allege that on April 5, 1988, defendants Wagstaff and Philadelphia Police officers, Itzko and Crone were involved in a high speed chase on Broad Street in Philadelphia, Pennsylvania. During the pursuit, defendant Wagstaff ran a red light at the corner of Broad and Clearfield Streets, striking the plaintiff White's vehicle on the driver's side. As a result of the collision, defendant Wagstaff's fuel tank sprayed gasoline into plaintiff's vehicle causing ignition of the gasoline and personal injuries to the plaintiffs. In their complaint, the plaintiffs averred that the negligence of the city and the police officers caused the accident. Defendants, the city, Itzko and Crone

filed a motion for judgment on the pleadings alleging that no common law duty of care exists between the plaintiffs and the moving defendants. Upon consideration of the motion and plaintiffs' response thereto, this court entered judgment in favor of the city, Itzko and Crone.

## DISCUSSION

This case raises an issue of law not specifically addressed by our appellate courts; whether a duty of care is owed to a third party injured in a collision with a vehicle pursued by the police? Relying upon *Mindala v. American Motors Corp.*, 518 Pa. 350, 543 A.2d 520 (1988); *Chapman v. City of Philadelphia*, 290 Pa. Super. 281, 434 A.2d 753 (1981), and its progeny, this court finds that the plaintiffs did not establish a necessary and material element of the alleged negligence, the defendants' duty of care.

It is axiomatic that the duty of care is one of the four necessary elements of negligence which the plaintiff must prove in order to establish the defendant's liability:

"a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; a failure to conform to the standard required; a causal connection between the conduct and the resulting injury; and actual loss or damage resulting to the interests of another." *Morena v. South Hills Health System*, 501 Pa. 634, 642, 462 A.2d 680, 684 n.5 (1983); *Carson v. City of Philadelphia,* 133 Pa. Commw. 74, 80, 574 A.2d 1184, 1187 (1990).

Previously, our courts have decided cases in which high speed police pursuits have resulted in collisions be-

tween a third party and the pursued party absent the police vehicle's direct physical contact with the third party. See *Baker v. Hawks,* 127 Pa. Commw. 92, 560 A.2d 939 (1989) (passenger in the pursued vehicle suffered injuries); *Dickens v. Upper Chichester Township,* 123 Pa. Commw. 226, 553 A.2d 510 (1989) (pursued driver collided with a third party); *Bickert v. Borough of Riverside et al.,* 118 Pa. Commw. 91, 545 A.2d 962 (1988) (passenger in the pursued vehicle killed); *Force v. Watkins et al.,* 118 Pa. Commw. 87, 544 A.2d 114 (1988) (passenger in the pursued vehicle suffered injuries). These cases, however, have not adjudicated the duty of care element required to establish common law negligence and liability. Instead, the holdings in these cases have consistently addressed the issue of whether the fatal occurrence fell within the vehicle exception to governmental immunity contained within 42 Pa.C.S. §8542(b)(1).

Plaintiffs primarily rely upon *Kuzmics v. Santiago,* 256 Pa. Super. 35, 389 A.2d 587 (1978), wherein a plaintiff was injured by a vehicle which was being pursued by the police. This court, however, does not find the *Kuzmics* decision to be controlling in the present matter. Rather than addressing the issue of duty, the *Kuzmics* court focused on the issue of the standard of care the police owed the third party. "We do not perceive the issue in terms of the duty of police to pursue and apprehend summary violators regardless of risk or cost, nor do we see the question posed in terms of tying the hands of the police and permitting 'leisurely escapes.'" *Id.* at 39-40, 389 A.2d at 589-590. The *Kuzmics* court in defining the controlling issue stated, "[w]e feel that the jury must determine whether the municipality, through the acts of

the police officers, breached the *standard of care....*" *Id.* at 41, 389 A.2d at 590. (emphasis added) In contrast, the present court believes that the appropriate review must begin with determining whether the police owed a duty to the plaintiffs.

A series of appellate court decisions starting with *Chapman v. City of Philadelphia,* 290 Pa. Super. 281, 434 A.2d 753 (1981), support the decision of this court. The *Chapman* court stated a "no duty" rule or "special relationship" test as follows:

"The duty of the city of Philadelphia to provide police protection is a public one which may not be claimed by an individual unless a special relationship exists between the city and the individual. A special relationship is generally found to exist only in cases in which an individual is exposed to a special danger and the authorities have undertaken the responsibility to provide adequate protection for him." *Id.* at 283, 434 A.2d at 754. (citation omitted)

Numerous cases following *Chapman* have applied the "no duty" or "special relationship" rule to various factual situations in which the police failed to protect an injured third party. The *Chapman* progeny includes the following cases in which no duty was found to exist, *Yates v. City of Philadelphia,* 134 Pa. Commw. 282, 578 A.2d 609 (1990); *Steiner v. City of Pittsburgh,* 97 Pa. Commw. 440, 509 A.2d 1368 (1986); *Morris v. Musser et al.,* 84 Pa. Commw. 170, 478 A.2d 937 (1984); *Melendez by Melendez v. City of Philadelphia,* 320 Pa. Super. 59, 466 A.2d 1060 (1983). The crucial element which creates a "special relationship" between the police and

the protected individuals is characterized as a promise of police protection to a specific individual in a uniquely dangerous situation. See *Chapman, supra.*

"[T]he rule almost universally recognized is that the individual claiming a 'special relationship' must demonstrate that the police were: (1) aware of the *individual's* particular situation or unique status, (2) had knowledge of the potential for the particular harm which the *individual* suffered, and (3) voluntarily assumed, in light of that knowledge, to protect the *individual* from the precise harm which was occasioned." *Yates,* 134 Pa. Commw. at 285, 578 A.2d at 611 (quoting *Melendez,* 320 Pa. Super. at 65, 466 A.2d at 1063-1064) (emphasis in original)

Our courts have found a special relationship to exist in traffic accident situations, however, the factual and statutory aspects of those cases differed from the present action. See *Mindala v. American Motors Corp.,* 518 Pa. 350, 543 A.2d 520 (1988); *Socarras v. City of Philadelphia et al.,* 123 Pa. Commw. 197, 552 A.2d 1171 (1989), *appeal denied,* 522 Pa. 608, 562 A.2d 829 (1989). Both the *Mindala* and *Socarras* cases involved traffic accidents wherein the police were held to owe a duty to correct a hazardous traffic condition because they had been granted specific authority to act, were aware of the condition and had the capability to rectify the situation. These two cases are distinguishable from the case sub judice based upon the presence of a specific, affirmative statutory authority to act and the defendants' failure to comply. In *Mindala,* our Supreme Court endorsed those cases which require the showing of a special relationship between the individual and the police before a duty can

be created under the general police powers. *Mindala* at 358, 543 A.2d at 524-25.

In the present case, the determination of whether the city owed a duty of care to the plaintiffs is a question of law. *Id.* at 358, 543 A.2d at 524. This court's decision not to impose a duty of care upon the police and the municipality is consistent with the reasoning of *Chapman* as well as *Mindala*. Specifically, the trial court did not find that a special relationship existed between the plaintiffs and the moving defendants.

The soundness of the special relationship doctrine lies in the idea that police must be given broad discretion to act without fear of civil liability resulting from the exercise of their duties. The specter of civil liability could cause police officers to take unwarranted actions in order to minimize their liability instead of taking what action is, in their judgment, in the best interest of the public. *Yates* at 287, 578 A.2d at 612. Absent a special relationship, as previously defined, this court refuses to tie the hands of the police in performing their daily duties to protect and serve the general public.

In the present action, the plaintiffs failed to allege facts from which this court could find the existence of a protected special relationship between the plaintiffs and the moving defendants. Consequently, the plaintiffs have failed to assert an occurrence in which the city or the police officers owed a duty of care to the plaintiffs. As a result, the plaintiffs have not established a duty of care, which is critical to support their allegations of negligence. This court, therefore, properly entered judgment on the pleadings in favor of the city and the police officers since

there are no issues of disputed facts and the moving parties are entitled to judgment as a matter of law. *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 595 A.2d 128 (1991).